MEMORANDUM *
Jinghai Li, a native and citizen of China, petitions for review of the Board of Immi *389 gration Appeals’ (“BIA”) summary affirmance of the Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252.[1]
Pursuant to 8 U.S.C. § 1158(a)(3), we do not have jurisdiction to review the BIA’s discretionary determination that an asylum application was untimely filed. Hakeem v. INS, 273 F.3d 812, 815 (9th Cir.2001). Li admits he filed his asylum application on November 1, 1999, which was more than one year after his entry to the United States on September 3, 1998. Li’s claim that he started to work on his application within one year of his entry does not excuse his failure to file within one year, and the facts underlying Li’s claim that extraordinary circumstances allow tolling of the one-year deadline are in dispute. Cf. Husyev v. Mukasey, 528 F.3d 1172, 1179 (9th Cir.2008).
The BIA denied Li relief because it found that he was not credible. We review the BIA’s determination for substantial evidence. Kumar v. Gonzales, 444 F.3d 1043, 1049 (9th Cir.2006). We must affirm the BIA unless we are compelled to find otherwise. Singh v. Gonzales, 439 F.3d 1100, 1110 (9th Cir.2006); Wang v. INS, 352 F.3d 1250, 1257 (9th Cir.2003). We find that Li’s inconsistent written statements and oral testimony concerning the duration of his incarceration and his conversation with Master Li are material and go to the heart of Li’s claim. Goel v. Gonzales, 490 F.3d 735, 739 (9th Cir.2007). Reviewing the IJ’s determination concerning Li’s knowledge of Falun Gong in light of our recent decision in Cosa v. Mukasey, 543 F.3d 1066 (9th Cir.2008), we find that the IJ properly tested the scope of Li’s understanding of his religion and based his adverse credibility finding on Li’s admitted lack of knowledge of Falun Gong. See id. at 1070. In any event, even if this basis for the IJ’s adverse credibility finding is discounted, there is still substantial evidence in the record to support the BIA’s adverse credibility finding.
Accordingly, Li’s claim for withholding of removal fails because the IJ’s adverse credibility determination is supported by substantial evidence. Li’s CAT claim also is denied because it is based on the same evidence that the BIA found not credible. Farah v. Ashcroft, 348 F.3d 1153,1156-57 (9th Cir.2003). Finally, Li is not entitled to relief on his procedural due process claims concerning ineffective assistance of counsel, judicial bias, and translation difficulties. These claims were not raised before the BIA, thereby barring review by this court. Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
DISMISSED IN PART; DENIED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.